IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TONY CURTIS BROACH, : 
AIS 136351,
:
    Petitioner,
:
vs.                                   CA 07-0253-KD-C
:
JERRY FERRELL, et al.,
:
    Respondents.

## REPORT AND RECOMMENDATION

Tony Curtis Broach, a state prisoner presently in the custody of respondent Ferrell, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as moot.

## FINDINGS OF FACT

    1.    On November 18, 2003, a disciplinary hearing officer at Fountain Correctional Center found Broach guilty of violating prison Rule 38; petitioner lost all store, phone and visitation privileges for a period of thirty (30) days but retained his CIT status. (Doc. 13, Affidavit of Jerry Ferrell, Rule

38 Disciplinary Report) Ferrell approved the hearing officer's decision on November 26, 2003. (*Id.*)

2.      On November 27, 2003, a different hearing officer found petitioner guilty of violating Rule 62 (creating a security risk); the recommended punishment for Broach was that he be placed in disciplinary segregation for a forty-five (45) day period. (Doc. 13, Ferrell aff., Rule 62 Disciplinary Report) The hearing officer specifically noted on the form the following: "No good-time available." (*Id.*)[1] On December 2, 2003, Warden II Walter Myers reduced Broach's segregation term to twenty-one (21) days. (Doc. 13, Ferrell aff., Rule 62 Disciplinary Report)

3.      In early 2004, Broach filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama challenging the procedures governing disciplinary proceedings in the Alabama prison system. *See Broach v. Ferrell*, 2007 WL 951743, *1 (M.D. Ala. 2007). The Montgomery County Circuit Court converted Broach's petition for writ of certiorari to a habeas

---

[1]     This notation clearly suggests that Broach would have suffered the loss of good-time credits had he possessed any credits that could have been taken from him. However, petitioner is imprisoned for life without the possibility of parole (*see* Exhibit A, Attached) which makes him statutorily ineligible for good-time credits, *see* Ala. Code § 14-9-41(e) ("Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary or in the county jail at hard labor or in any municipal jail.")).

corpus petition and transferred same to the Circuit Court of Escambia County, Alabama. *Id*. The Escambia County Circuit Court dismissed the petition on March 1, 2005. (Doc. 1)[2]

    4.    Broach filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Middle District of Alabama on February 7, 2007. *Broach, supra,* at *1. Broach's federal petition was transferred to this Court by order dated March 27, 2007. *See id*. Because the complaint Broach has filed on this Court's form utilized in § 2254 actions (Doc. 8) is essentially identical to the complaint he filed in the Middle District of Alabama (*compare id. with* Doc. 6, Attachment 1), the undersigned utilizes the summary of Broach's claims set forth by Magistrate Judge Terry F. Moorer as follows:

> In this petition, Broach challenges actions taken by the state courts in a civil case initially filed by petitioner as a writ of certiorari challenging the procedures governing disciplinary actions in the Alabama prison system. Specifically, Broach argues that the Circuit Court of Montgomery County, Alabama (i) failed to rule on a dispositive motion filed by petitioner and, instead, improperly converted his writ of certiorari to a habeas petition and transferred the petition to the Circuit Court of

---

[2] Broach appealed the dismissal of the petition, filed an application for rehearing in the Alabama Court of Criminal Appeals, and petitioned the Alabama Supreme Court for writ of certiorari. (*See id*.) According to petitioner, the Alabama Supreme Court denied his petition for writ of certiorari on July 14, 2006. (*Id*. at 4) Therefore, petitioner has exhausted his state court remedies.

>Escambia County, Alabama. Broach further complains that the Escambia County Circuit Court lacked jurisdiction to rule on the habeas petition under state law as the Alabama Code mandates that all actions against the Alabama Department of Corrections be brought in Montgomery County. He also argues that neither the Circuit Court of Escambia County nor the Alabama Court of Criminal Appeals properly addressed his jurisdiction claim on the merits.

*Broach, supra*, at *1.

5.  It is not contested that at the time Broach filed his federal habeas attack on the foregoing disciplinary procedures on February 7, 2007, he already had served his twenty-one (21) days and been released from disciplinary segregation.

## CONCLUSIONS OF LAW

1.  The Supreme Court has long held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245, 161 L.Ed.2d 253 (2005) (internal citations omitted).

>Even if the restoration of the respondents' credits would not have resulted in their immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy. Fo[u]r recent cases have established that habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain

> future releases. In *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Court held that a prisoner may attack on habeas the second of two consecutive sentences while still serving the first. The Court pointed out that the federal habeas corpus statute does not deny the federal courts power to fashion appropriate relief other than immediate release. Since 1874, the habeas corpus statute has directed the courts to determine the facts and dispose of the case summarily, as law and justice require. So, even if restoration of respondents' good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the very duration of their physical confinement itself. It is beyond doubt, then, that the respondents could have sought and obtained fully effective relief through federal habeas corpus proceedings.

*Preiser v. Rodriguez*, 411 U.S. 475, 487-488, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973) (internal citations and quotation marks omitted).

    2.    It is clearly established in the Eleventh Circuit that "'it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus' because '[s]uch release falls into the category of "fact or duration of . . . physical imprisonment" delineated in *Preiser v. Rodriguez*.'" *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) (citation omitted), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004). However, the *Medberry* court also held that where, as here, "a prisoner has completed an imposed term of administrative segregation before he files his petition . . . the 'petition [is] moot when filed and cannot be

revived by collateral consequences.'" *Id.* (citation omitted).

  3. Because mootness strikes "'at the very heart of federal subject matter jurisdiction,'" this issue can be raised by the Court *sua sponte* "'if not addressed by the parties.'" *Id.* at 1053 n.3 (citation omitted). In this particular case, it is clear that Broach completed his twenty-one day term of confinement in disciplinary segregation before filing his habeas corpus attack in federal court; therefore, his petition was **MOOT** when filed. *Id.* at 1053-1054; *see also McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982) ("[I]f [petitioners] were released from disciplinary confinement before they filed their petitions for habeas corpus, those petitions were moot when filed and cannot be revived by collateral consequences."); *Turner v. Riley*, 2006 WL 1452693, *4 (S.D. Ala. 2006) ("When petitioner filed his habeas petition, he was not incarcerated at TCF but at Fountain. Thus, at the time of filing he was no longer held in the custody about which he complained and, therefore, cannot be released from it. . . . Accordingly, his petition is moot.").

  4. The "capable-of-repetition" exception to the mootness doctrine is inapplicable in this case.

> "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." To qualify for the exception, two elements

> must be simultaneously present: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the *same controversy* will recur involving the same complaining party."

*Medberry v. Crosby*, 135 Fed.Appx. 333, 334-335 (11th Cir. 2005) (internal citations omitted; emphasis in original). In this case, Broach's confinement in disciplinary segregation was much to short to fully litigate in a habeas corpus action (through the state and federal process); however, there is nothing to suggest a reasonable expectation that petitioner will be subjected to the same action again. Certainly, Broach has not provided this Court with copies of other disciplinaries he has received since 2003 and, therefore, has not established that the same circumstances about which he complained in his federal petition "were the impetus for any later placement" of him in disciplinary segregation. *See Medberry, supra,* 135 Fed.Appx. at 335. In other words, petitioner has not shown that the same circumstances repeatedly give rise to the discipline he receives. Accordingly, the limited exception to the mootness doctrine is not applicable.[3]

---

[3] Because Broach's petition is moot this Court cannot consider his argument that Alabama's Administrative Regulation 403 is invalid. *Cf. Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a

## **CONCLUSION**

The Magistrate Judge recommends that Tony Curtis Broach's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed because it is **MOOT**.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 29th day of August, 2007.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

court of law."); *Smith v. Lawson*, 2007 WL 1540229, *2 (M.D. Ala. 2007) ("[A]n inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level, the privileges bestowed upon him, or confinement in the least restrictive prison environment because the resulting restraints are not so severe that they exceed the sentence imposed upon him.").

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                    s/WILLIAM E. CASSADY
                                                                    UNITED STATES MAGISTRATE JUDGE