IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY CURTIS BROACH, : <br> AIS 136351, <br>      : <br>   Petitioner, <br>      : <br> vs.                                    CA 07-0253-KD-C <br>      : <br> JERRY FERRELL, et al., <br>      : <br>   Respondents. | |

## **ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated August 28, 2007, is **ADOPTED** as the opinion of this Court.

The Court finds that the Magistrate Judge's recommendation of dismissal is also appropriate on the grounds that, to the extent petitioner is seeking review of a state court ruling, this Court is without jurisdiction to entertain petitioner's request. In his objection to the magistrate judge's report and recommendation, petitioner characterizes his complaint as follows:

> In this petition, Broach challenges action taken by State Court in a civil case initially filed as a Writ of Certiorari challenging the procedures governing disciplinary action in the Alabama Prison System. Specifically, Broach argues that the Circuit Court of Montgomery County has violated petitioners Fourteenth (14th ) Amendment to the United States Constitution (Due Process of Law and Equal Protection of the Law).

(Doc. 19 at 2)

A federal district court's first consideration is whether subject-matter jurisdiction exists.

The existence of subject- matter jurisdiction may be considered sua sponte at any point in the proceeding.  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Pertinent to this action is the Rooker-Feldman doctrine, which prohibits a federal district court from reviewing a final judgment of a state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).  A federal district court does not have subject-matter jurisdiction to review a final judgment of a state court because a "[r]eview of such judgments may be had only in [the United States Supreme Court]".  Id. at 482, 103 S.Ct. at 1315.  A section 1983 action in federal district court is not an alternative or a complement to an appeal from a judgment in a state court. Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988).  The Rooker-Feldman doctrine precludes, not only a federal district court from reviewing federal issues that were raised in state court proceedings, but also those federal issues that should have been raised in state court proceedings because they are inextricably intertwined with a state court's judgment.  Id. at n.16, 103 S.Ct. at n.16.

     Assuming that the petitioner's complaint may also be construed as an effort to appeal a prior state court judgment, the undersigned determines that this Court lacks subject-matter jurisdiction over this action based on the Rooker-Feldman doctrine.

     **DONE** this 25th day of September, 2007.

                        /s/ Kristi K. DuBose
                        **KRISTI K. DuBOSE**
                        **UNITED STATES DISTRICT JUDGE**